IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JOSEPH MONROIG,       )  | |
|     Petitioner,       )  | |
| )  | |
| v.       ) | CIVIL ACTION NO. 5:08-0058 |
| )  | |
| TODD R. CRAIG,       )  | |
| Warden, FCI Beckley,       )  | |
|     Respondent.       )  | |

## PROPOSED FINDINGS AND RECOMMENDATION

On January 25, 2008, Petitioner, an inmate formerly incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] improperly calculated his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## PROCEDURE AND FACTS

On October 10, 2001, Petitioner pled guilty in the United States District Court for the District of New Hampshire to seven counts of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1), and five counts of Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1). United States v. Monroig, Criminal No. 1:00-0181 (D.N.H. Jan. 18, 2002). On January 18, 2002, the District Court sentenced Petitioner to a 46-month term of

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

imprisonment as to each count to run concurrently, to be followed by a three-year term of supervised release. (Id., Document No. 14.)

On October 12, 2003, Petitioner pled guilty in the United States District Court for the District of New Hampshire to one count of Distribution of Cocaine, A Schedule II Controlled Substances Resulting in a Death in violation of 21 U.S.C. 841(b)(1)(C), and one count of Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1). United States v. Monroig, Criminal No. 1:02-0110 (D.N.H. Feb. 17, 2004). On February 17, 2004, the District Court sentenced Petitioner to a 120-month term of imprisonment as to each count to run concurrently, to be followed by a three-year term of supervised release. (Id., Document No. 30.) The District Court further ordered that the term of imprisonment run concurrently with Petitioner's term of imprisonment imposed in Criminal Action No. 1:00-0181. (Id.) On July 10, 2006, Petitioner filed a "Motion Seeking Clarification and Order from the United States District Court specifically stating the Date on which the Above Described Case Number was Intended to be Served Concurrently to Previously Imposed Federal Term of Imprisonment." (Id., Document No. 44.) On August 1, 2006, the District Court denied Petitioner's above Motion.

On September 29, 2006, Petitioner submitted a Request for Administrative Remedy (Remedy No. 428857-F1) to the Warden of FCI Beckley seeking prior custody credit from January 18, 2002, through February 16, 2004. (Document No. 1, pp. 12.) The Warden denied Petitioner's request on October 30, 2006.[2] (Id.) On November 20, 2006, Petitioner appealed to the Regional Director of the

---

[2] Charles T. Felts, Warden of FCI Beckley, stated as follows:

A review of your Judgment and Commitment file reveals your original sentence with a term of 46 months, docket number CR-00-181-01-JD was imposed on January 18, 2002, at which time that sentence began to run. You were then sentenced separately

2

Bureau of Prisons, Mid-Atlantic Region (Remedy No. 428857-R1). (Id., pp. 13 - 14.) The Regional Director denied Petitioner's appeal on March 12, 2007.[3] (Id., p. 15.) On February 22, 2007, Petitioner appealed the denial to the Central Office (Remedy No. 428857-A1). (Id., pp. 16 - 17.) The Central Office denied Petitioner's appeal on April 12, 2007.[4] (Id., p. 18.)

On January 25, 2008, Petitioner filed his instant Application under 28 U.S.C. § 2241, in which he challenges the BOP's computation of his sentence and his receipt of prior custody credit. (Document No. 1.) Petitioner contends that he is entitled to credit for time spent in custody beginning on January 18, 2002, the date on which he was sentenced in Criminal Action 1:00-0181, and ending on February 16, 2004, when the BOP began computation of his federal sentence for Criminal Action 1:02-0110. (Id., pp. 8 - 9.) Petitioner contends he is entitled to the above credit

---

on February 17, 2004, to a term of 120 months, docket number CR-02-110-01-JD, which was ordered by the judge to run concurrently with CR-00-181-01-JD. These sentences imposed and ordered to run concurrently overlap, is 12 years and 30 days. Your sentence computation is accurate."

(Document No. 1, p. 12.)

[3] K.M. White, Regional Director of Mid-Atlantic Region, stated as follows:

In order to aggregate the two (2) sentence, each sentence is calculated as if standing alone to establish an overlap. The overlap established between these sentences results in a total of 3014 days, which is the difference between the full term date of the 46 month term (November 17, 2005) and the full term date of the 120 months term (February 16, 2014). [Unintelligible language] added to the term imposed first. Your first sentence of 46 months was imposed on January 18, 2002. Your total aggregate sentence is 46 months and 3014 days or 12 years and 30 days and begins on January 18, 2002. Jail credit is then applied to the aggregate term of imprisonment.

(Document No. 1, p. 15.)

[4] Harrell Watts, Administrator of National Inmate Appeals, stated as follows: "A review of your record indicates you were in service of a federal term of confinement during the period of time for which you are seeking credit. Federal statute precludes the awarding of credit for time spent in the service of another sentence." (Document No. 1, p.18.)

pursuant to 18 U.S.C. § 3585(b). In support of his claim for prior custody credit, Petitioner states that "on February 17, 2004, he was sentenced to a term of 120 months, docket number: CR-02-110-01-JD to be served concurrently with his 46 months sentence, docket number: CR-00-181-01-JD." (Id., p. 8.) Thus, Petitioner states that "[h]e should receive credit for time spent serving a previous sentence from January 18, 2002, to February 16, 2004." (Id., p. 9.)

On April 22, 2009, Petitioner filed a "Notice of Change of Address and Petition for Change of Venue." (Document No. 4.) Petitioner requests that his Petition be removed "from the United States District Court for the Southern District of West Virginia to the District of New Jersey." (Id., p. 1.) In support of his Motion, Petitioner states that he has been transferred to FCI Fort Dix, located in Fort Dix, New Jersey. (Id., p. 2.)

## ANALYSIS

**1. Petition for Change of Venue:**

A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beckley, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Fort Dix, which is located in the District of New Jersey. The Fourth Court has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." United States v. Edwards, 27 F.3d 564 (4th Cir. 1994)(citing Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990)); also see Chaney v. O'Brien, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action

was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); Martin v. United States, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to prison outside this District.

**2.     Merits of Petitioner's Section 2241 Petition:**

The authority to calculate a federal prisoner's period of incarceration of the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. See United States v. Wilson, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). In addressing any sentencing computation issue, a district court must consider: (1) when the sentence commenced; and (2) the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence. Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa.), affd, 100 F.3d 946 (3d Cir. 1996).

**A.     Petitioner's sentence did not commence until February 17, 2004.**

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence, however, cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served. Miramontes v. Driver, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that

5

"defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence); United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served"). Although the District Court ordered that Petitioner's sentence in Criminal Action No. 1:02-0110 was to run concurrently with Criminal Action No. 1:00-0181, Petitioner's sentences may not run fully concurrently. Therefore, the undersigned finds that Petitioner's sentence in Criminal Action No. 1:02-0110 could not commence prior to the date of its imposition on February 17, 2004.

      **B.    Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

    **(1)** as a result of the offense for which the sentence was imposed; or

>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 56; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'doubt credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). In the instant case, the Court finds that Petitioner properly received credit against his sentence imposed in Criminal Action No. 1:00-0181 for the time period beginning January 18, 2002, and ending February 16, 2004. Thus, the BOP may not grant prior custody credit for time that has been credited against another sentence. United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Accordingly, the undersigned finds that Petitioner is not entitled to *habeas* relief and his Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Petition for Change of Venue (Document No. 4.), **DISMISS** Petitioner's Application (Document No. 1.) with prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

FILED, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

Date: February 4, 2010.

R. Clarke VanDervort
United States Magistrate Judge